# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JARRED MICHAEL JONES,**

    **Plaintiff,**

v.                                        Case No: 6:16-cv-2159-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

Jarred Michael Jones (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his application for supplemental security income. Doc. 1; R. 1-4, 238-46. Claimant argued that the Administrative Law Judge (the ALJ) erred, in part, by failing to apply the correct legal standards to the testimony of Deborah Jones (Ms. Jones), Claimant's mother. Doc. 24 at 19-20. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED**.

## I. THE ALJ'S DECISION

In April 2011, Claimant filed an application for supplemental security income. R. 238-46. Claimant alleged a disability onset date of March 28, 2011. R. 19, 238.

The ALJ issued his decision on October 5, 2015. R. 19-29. In his decision, the ALJ found that Claimant had the following severe impairments: diabetes mellitus, asthma, and affective disorder. R. 21-22. The ALJ found that Claimant had a residual functional capacity (RFC) to

perform less than a full range of heavy work[1] as defined by 20 C.F.R. § 416.967(d).[2]  R. 23.

Specifically, the ALJ found as follows:

> [C]laimant has the residual functional capacity to perform heavy work as defined in 20 CFR 416.967(c) except he can sit for 6 hours and stand and walk (30 minutes at a time) for 4 hours each in an 8-hour workday.  He has no restrictions with the use of his hands or feet and has no postural limitations.  He can tolerate only occasional exposure to fumes, odors, dusts, and gases.  He is limited to simple, routine tasks only on a sustained basis.  He needs to avoid any abrupt changes in the work place and can only tolerate gradual changes in the work place.

*Id*.  The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing jobs in the national economy.  R. 60-61.  The ALJ thus found that Claimant was capable of performing jobs that existed in significant numbers in the national economy.  R. 28-29.  Therefore, the ALJ found that Claimant was not disabled.  R. 29.

## II. STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'"  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d

---

[1] The Court notes that although the ALJ stated that Claimant was capable of performing "heavy work," the ALJ cited to the regulation that defines "medium work."  *See* R. 23.

[2] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work."  20 C.F.R. § 416.967(d).

1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. ANALYSIS

Claimant argued, in part, that the ALJ erred by failing to discuss or weigh Ms. Jones' testimony. Doc. 24 at 19-20. Specifically, Claimant noted Ms. Jones' testimony that Claimant was not supposed to make adjustments to his insulin pump on his own when his blood pressure was "really high" or "really low" because he would get confused and could overdose on insulin if he programmed his insulin pump incorrectly. *Id*. at 20.

In response, the Commissioner did not argue that the ALJ discussed or weighed Ms. Jones' testimony.[3] *Id*. at 20-21. The Commissioner argued that the ALJ's error in failing to address Ms. Jones' testimony was harmless because Ms. Jones' testimony was either irrelevant or cumulative of Claimant's testimony and the medical evidence considered by the ALJ. *Id*. The Commissioner

---

[3] In fact, the Commissioner acknowledged that the ALJ did not explicitly address Ms. Jones' testimony. Doc. 24 at 20.

then argued that Ms. Jones' testimony that Claimant used an insulin pump was cumulative of the medical records, and that Ms. Jones' testimony that Claimant did not care whether he lived or died was cumulative of Claimant's own testimony. *Id*. at 21. But the Commissioner did not argue that Ms. Jones' testimony that Claimant required assistance to make adjustments to his insulin pump was cumulative. *Id*. Instead, the Commissioner argued that this testimony was speculative and irrelevant. *Id*.

An ALJ must "state the weight he accords to each item of impairment evidence and the reasons for his decision to accept or reject that evidence, including all testimony presented at the previous hearing or any subsequent hearings." *See Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990) (noting that the ALJ did not review or give reasons for rejecting the claimant's daughter's or neighbor's testimony) (citing *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986)); *see also Osborn v. Barnhart*, 194 F. App'x. 654, 666 (11th Cir. 2006) ("We have held that an ALJ must 'state specifically the weight accorded each item of evidence and the reasons for his decision.'") (quotation omitted). This includes lay testimony from family members. *See De Olazabal v. Soc. Sec. Admin., Comm'r.*, 579 F. App'x 827, 832 (11th Cir. 2014) (citing 20 C.F.R. § 404.1513(d); SSR 06–3p); *Lucas*, 918 F.2d at 1574; *Osborn*, 194 F. App'x. at 666; *Martinez v. Berryhill*, No. 3:15-cv-1311-J-JRK, 2017 WL 765387, at *3 (M.D. Fla. Feb. 28, 2017) (citing 20 C.F.R. § 416.929(c); SSR 06–3p). An ALJ's failure to address a family member's lay testimony is reversible error. *See Lucas*, 918 F.2d at 1574; *Martinez*, 2017 WL 765387, at *3; *Harris v. Comm'r of Soc. Sec.*, No. 6:08-cv-886-Orl-GJK, 2009 WL 1783434, at *12 (M.D. Fla. June 18, 2009) (stating that the ALJ's decision must be reversed and remanded because the court could not determine from the record whether the ALJ overlooked the lay witness testimony, gave it some weight, or completely disregarded it). However, the error is harmless if the lay testimony is

cumulative of other evidence in the record such that its rejection was implicit in the ALJ's decision. *See De Olazabal*, 579 F. App'x at 832; *Osborn*, 194 F. App'x. at 666; *Martinez*, 2017 WL 765387, at *3; *Cochran v. Comm'r of Soc. Sec. Admin.*, No. 6:15-cv-662-Orl-DAB, 2016 WL 3219644, at *3 (M.D. Fla. June 10, 2016); *Harris*, 2009 WL 1783434, at *12.

Here, it is undisputed that the ALJ did not explicitly discuss or weigh Ms. Jones' testimony. Thus, the sole issue before the Court is whether the ALJ's error was harmless. The Court finds that it was not.

On September 22, 2015, Ms. Jones testified as a witness before the ALJ. R. 36-37, 65-78. Ms. Jones, a nurse, testified as follows: Ms. Jones lives with Claimant and helps Claimant manage his diabetes; Claimant becomes confused and does not think clearly when his blood sugar is "really high" or "really low"; Claimant must be reminded "a lot to do things"; Claimant has been on an insulin pump since he was about seven or eight years old; the insulin pump has to be adjusted throughout the day to change Claimant's dosage rate; and Claimant is capable of adjusting his insulin pump alone so long as his blood sugar is not "really high" or "really low." *See* R. 65-70, 73, 75. However, Ms. Jones also testified that Claimant is not supposed to adjust his insulin pump alone because Claimant may become confused and overdose on insulin. R. 69. Specifically, Ms. Jones testified as follows:

> Q  How do you adjust [the insulin pump]? Tell me what you go through to adjust it?
>
> A  We have to program the pump to give him a -- to change the amount that he gets.
>
> Q  You keep saying we, could he do it alone, or does it take two?
>
> A  He -- he could do it alone if he's not -- if his blood sugar isn't really high or it's not really low. When he's really high or really low, he's not thinking clearly and he does not need to be programming the pump.
>
> Q  Gets confused?

> A  Yes, because he'll overdose if he's confused.
>
> Q  Would that put him into ketoacidosis?
>
> A  It --
>
> Q  Or put him down too low?
>
> A  It will put him too low.
>
> Q  So, he has -- you have to be clear-headed?
>
> A  Yes.  Yes, we see a -- we see someone with the Med-Tronic Company about every three months and they go over the programming with us.  We just saw someone last week, he's not really supposed to make adjustments on his own, because if he's confused and he programs it incorrectly, he'll overdose himself on insulin.

R. 69.  Ms. Jones further testified that Claimant suffers from depression and does not care whether he lives or dies.  R. 70.

Upon review, the Court finds that Ms. Jones testimony – specifically, that Claimant is not supposed to adjust his insulin pump without assistance due to the risk of overdose – was not implicitly rejected by the ALJ.  Although Claimant testified that he uses an insulin pump and that he suffers from confusion and depression, Claimant never testified that he required assistance in making adjustments to his insulin pump.  R. 50-51, 53-54.  Further, although the ALJ stated in his decision that Claimant had difficulty determining the correct insulin dose for a sample problem, the Court does not find that this statement renders Ms. Jones' testimony cumulative or implicitly rejected.[4]  R. 25.  In fact, the Commissioner appears to agree that Ms. Jones' testimony that

---

[4] The medical record cited by the ALJ states as follows: "[Claimant] admits, when asked, that he does not always give insulin for all food eaten and he had difficulty determining correct insulin dose for sample problem."  R. 714.  The Court finds that this statement that Claimant had difficulty determining the correct insulin dose for what appears to have been an isolated sample problem is not equivalent to Ms. Jones' testimony that Claimant requires assistance when adjusting his insulin because he becomes confused when his blood sugar is too high or too low.  Moreover, the ALJ

Claimant requires assistance to adjust his insulin pump is not cumulative of the evidence in the record.[5] R. 20-21. Given the foregoing, the Court cannot determine based upon the record whether the ALJ overlooked Ms. Jones' testimony, gave Ms. Jones' testimony some weight, or completely disregarded Ms. Jones' testimony. *See Harris*, 2009 WL 1783434, at *12.

Finally, the Commissioner's argument that Ms. Jones' testimony that Claimant requires assistance to adjust his insulin pump is irrelevant and speculative is a post hoc argument upon which the Court cannot rely. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). To do so would necessarily require the Court to reweigh the evidence, which the Court declines to do.[6] *See Phillips*, 357 F.3d at 1240 n.8 (11th Cir. 2004) (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (quotation omitted).

This issue is dispositive. Therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir.

---

never explicitly rejected the proposition that Claimant had difficulty determining the correct insulin dose. R. 25.

[5] Despite citing to the case law regarding cumulative testimony and specifically arguing that portions of Ms. Jones' testimony are cumulative of evidence in the record, the Commissioner did not argue that Ms. Jones' testimony that Claimant requires assistance to adjust his insulin pump is cumulative of evidence in the record. R. 20-21.

[6] To the extent that the Commissioner's argument that Ms. Jones' testimony was irrelevant could be interpreted as an argument that the ALJ's error was harmless because Ms. Jones' testimony does not directly contradict the RFC, the Court is unpersuaded. The RFC does not appear to contemplate or account for the fact that Claimant may require assistance adjusting his insulin pump. R. 23.

2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## IV.  CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and against the Commissioner, and close the case.

**DONE** and **ORDERED** in Orlando, Florida on January 22, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Stephen C. Calvarese
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
Desoto Bldg., Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224